## SPEAR v. HANSON.

SALES—SET-OFF AND RECOUPMENT—UNLIQUIDATED DAMAGES.

　　In an action of assumpsit for the price of hay, the defendant could not set off unliquidated damages, because of its poor quality, in the absence of evidence of a warranty.

Error to Marquette; Stone, J. Submitted June 11, 1909. (Docket No. 74.) Decided July 6, 1909.

Assumpsit by Frank B. Spear, Frank B. Spear, Jr., and Philip Spear, copartners as F. B. Spear & Sons, against Karen Hanson for goods sold and delivered. A judgment for plaintiffs on a verdict directed by the court is reviewed by defendant on writ of error. Affirmed.

C. F. Button, for appellant.

Hill & Smith, for appellees.

Ostrander, J. The cause was begun in justice's court, where the plaintiffs declared upon the common counts in assumpsit for the price and value of certain personal property furnished to defendant. The plea was the general issue, with notice that defendant would set off against the demand of the plaintiffs a sum of money paid by defendant to plaintiffs as the purchase price of other personal property, viz., a car load of hay which was of no value, the feeding of which injured defendant's cows and their milk. In the circuit court, to which the case was appealed, it was admitted that defendant was indebted to plaintiffs in the sum of $243.60, subject to any set-off defendant might establish. It appeared that defendant had fed her cattle from the hay in question from November 14th to December 1st, using three bales of it daily, each bale containing about 100 pounds. In a colloquy between the court and counsel for defendant, the following occurred:

" *The Court:* It seems to me that the evidence shows that some portion of the hay was received and used, and upon that evidence it seems to me that it could not be said that it was of no value.

" *Mr. Button:* This is the point where the disagreement comes in. I claim that we would still have the right to show that the hay used was of no value, notwithstanding the fact that it had been used.

" *The Court:* Yes; I think I understand your position about that.

" *Mr. Button:* So that your honor's ruling means that it makes no difference what we could show, as to the worthlessness of it; that fact that the hay was used—

" *The Court:* It appearing undisputed that the hay was used, a considerable portion of it, and fed to the cattle that it was bought to feed, it seems to me that it cannot be said that it was entirely worthless and of no value. The evidence tends to show that it sustained the life of these cattle for several weeks, or some period of time, and the evidence tends to show that the remainder of it has some value, or might have, for bedding or other use.

" *Mr. Button:* We claim that the hay was of no value even for bedding, and we have evidence upon that point,

and, if I could make it a question of fact whether this hay had any value whatever or not, it seems to me I ought to have the privilege of doing it.

"*The Court:* It seems to me, unless you expect to change the testimony of the defendant, Mrs. Hanson, that some hay was used and fed out.

"*Mr. Button:* We admit some of it was fed out, but we claim that it was worthless, and was an actual damage, and gave no consideration.

"*The Court:* It appearing that the hay was placed there in your barn, and as it was used its condition became apparent to the defendant, and she continued to use it for some time, it seems to me it takes it outside of the doctrine of set-off. You do not feel, of course, like withdrawing your claim of damages here and bringing a separate suit. You do not want to take that position. You may want to go up on this question.

"*Mr. Button:* I do not want to take that position. As your honor suggests, I might want to take this case up, and I do not want the records for the Supreme Court in such shape that it would say that I did not offer enough testimony. We have further testimony on the question of value if that would change the position as a matter of law.

"*The Court:* Not unless it would change the fact as it now appears that a portion of the hay was received and used. I understand you do not expect to change that.

"*Mr. Button:* We do not expect to change that.

"*The Court:* Then I am willing to take the course I have, and therefore I direct the jury to render a verdict in favor of the plaintiffs for the sum of $243.60."

The errors assigned are:

"(1) The court erred in holding that the fact that the hay was delivered, and some of it used, was conclusive evidence of value.

"(2) The court erred in refusing to receive evidence tending to show that the hay involved was of no value whatever, and that some of it was an actual injury to any animals eating it.

"(3) The court erred in holding that under the evidence in the case, and the evidence offered to be shown, that the defendant was not entitled in this action to offset the amount paid by her for the hay in question as money paid without consideration."

It does not appear upon the record that counsel for defendant claimed the hay was sold with warranty of its quality, or that the hay was not accepted by defendant. It does not appear that defendant desired to produce or was denied the right to produce testimony upon either proposition. Her demand, therefore, appears to be one for unliquidated damages, and the court was not in error in directing a verdict and judgment.

GRANT, MONTGOMERY, HOOKER, and MOORE, JJ., concurred.